IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2014 JAN 16 P 3: 18

CLERK 2Butter
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

STEVE A. MORRIS,                )
                                )
          Plaintiff,            )
                                )
     v.                         )        CV 113-172
                                )
PRICILLA KITT, Counselor, PREA  )
Coordinator, et al.,            )
                                )
          Defendants.           )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Augusta State Medical Prison in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* in the above-captioned case filed pursuant to 42 U.S.C. § 1983. On October 30, 2013, in response to Plaintiff's repeated filing of motions to file addendums to his case, (doc. nos. 4, 5, 10, 12, 13, 14, 15, 16), and filing of two addendums, (doc. nos. 6, 7), the Court found that Plaintiff was improperly attempting to amend his complaint in a piecemeal manner and that his filings amounted to a shotgun pleading. (Doc. no. 17, pp. 3-4.) Moreover, the Court warned Plaintiff it would not condone the use of profane and inflammatory language, such as vulgarity in attachments regarding prison officials who have upset Plaintiff. (Id.) The Court ordered Plaintiff to submit an amended complaint on the Southern District of Georgia form provided, and in doing so, further directed Plaintiff to attach no more than six (6) handwritten pages to that amended complaint. (Id. at 4-6.)

Plaintiff has responded to the Court's October 30th Order by filing twenty-four motions in which he seeks to add claims or defendants to his case, and two motions for "Sharing of Information," in which he requests that this court share information with another court in which Plaintiff has filed a complaint. (Doc. nos. 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42.) In addition, Plaintiff has filed an amended complaint that fails to follow this Court's instructions from its October 30th Order. First, Plaintiff's amended complaint is fifty-six pages. (See doc. 24.) Plaintiff was ordered to use the standard form provided and attach no more than (6) handwritten pages. (Doc. no. 17, p. 4.) Instead, Plaintiff's amended complaint consists of almost fifty handwritten pages and all pages have handwritten annotations on them. (See doc. no. 24.) Plaintiff was warned that failure to comply with this limit may lead to dismissal. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10, (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

Second, many of the pages of Plaintiff's complaint are again attachments that have no discernible relevance to a § 1983 claim (See, e.g., id. at 49-54 (handwritten annotations - addressing topics such as artificial insemination, Formula One racing, coffee, items Plaintiff has received - covering pages of "The American Quarter Horse Journal" and "Details").) Plaintiff was warned that such filings amounted to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001),

*abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011), ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

Third, Plaintiff again fails to display proper decorum and respect in his filings. The Court warned Plaintiff that it would "not tolerate Plaintiff's use of profane and inflammatory language." Apel v. McCool, No. 3:07cv315, 2007 WL 2728370, at *1 (N.D. Fla. Sept. 17, 2007). Nevertheless in addition to Plaintiff's use of profane language, (see, e.g., doc. no. 24, pp. 34-35), Plaintiff attaches a copy of this Court's October 30th Order and, with handwritten annotations, shows a lack of respect for this Court, including referring to the undersigned as a "maggot," (id. at 24). This conduct will not be tolerated from Plaintiff or any other litigant. As the Seventh Circuit has noted, "[l]itigants are understandably disappointed when they do not prevail in court, but that does not give them the license to attack the integrity of the judiciary." In re Mann, 229 F.3d 657, 659 (7th Cir. 2000). Plaintiff's status as a *pro se* litigant does not excuse such behavior. See id. ("[A]busive conduct will not be tolerated, not even from a *pro se* litigant."); Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978)[1] (dismissing appeal with prejudice because refused to "allow liberal pleading rules and liberal pro se practice to be a vehicle for abusive documents").

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) *(en banc)*, the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Moreover, a lack of respect for the Court may form the basis for the imposition of sanctions. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) (*per curiam*) ("Courts have inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); see also Bethel v. Baldwin Cnty. Bd. of Educ., 371 F. App'x 57, 62-63 (11th Cir. 2010) (*per curiam*) (holding that a court "is authorized to dismiss a plaintiff's case where a plaintiff willfully refuses to comply with a court order . . .").

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers, 501 U.S. at 43). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989); In re Yulin Ma, 346 F. App'x 436, 438 (11th Cir. 2009) (*per curiam*) (affirming dismissal with prejudice where plaintiff willfully failed to comply with magistrate's order that required payment of expenses as a result of

4

his failure to meet his discovery obligations); Johnson v. Edward Jones Investments, 2:11-CV-116-RWS-SSC, 2012 WL 1314082 (N.D. Ga. Mar. 8, 2012) *report and recommendation adopted*, 2:11-CV-0116-RWS, 2012 WL 1313501 (N.D. Ga. Apr. 17, 2012) (dismissing case with prejudice after finding plaintiff engaged in a clear pattern of delay or willful contempt and lesser sanctions would not suffice where plaintiff disobeyed and failed to respond to court orders).

Here, Plaintiff's persistence in flooding the court with unfocused, piecemeal amendments and motions, and his submission of an unfocused, meandering, disrespectful complaint of impermissible length and composition—even when presented with explicit instructions not to do so—amounts to the sort of willful contempt contemplated in Goforth and Moon. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of money sanctions is not a feasible sanction. Therefore, Plaintiff's complaint is subject to dismissal with prejudice solely on the ground of his disregard of this Court's explicit Order that he cease submitting shotgun pleadings and amending his complaint in a piecemeal manner, but instead, submit an amended complaint on the Southern District of Georgia form provided, attach no more than six handwritten pages to that amended complaint, and display proper decorum and respect in his filings. (Doc. no. 17.)

Accordingly, this Report and Recommendation also serves as notification that it will be considered bad faith conduct that will result in the imposition of further sanctions if any future filings by Plaintiff—in this case or any other case—attempt to impugn the integrity of this Court, fail to show proper decorum and respect, or if Plaintiff continues to flood this Court with nonsensical filings.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED WITH PREJUDICE**, (doc. no. 24), that Plaintiff's twenty-six motions to add claims or defendants and have this Court share information with other courts be **DENIED AS MOOT**, (doc. nos. 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42), and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE