```
IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF GEORGIA
                     AUGUSTA DIVISION
```

STEVE A. MORRIS              *
                             *
      Plaintiff,             *
                             *
      v.                     *        CV 113-172
                             *
PRISCILLA KITT, Counselor,   *
PREA Coordinator, et al.,    *
                             *
      Defendants.            *
                             *
                             *

## O R D E R

Presently pending before the Court is a "Motion to Add" by Plaintiff Steve A. Morris. (Doc. 70.) Mr. Morris, an inmate at Augusta State Medical Prison ("ASMP") in Augusta, Georgia, filed the above-captioned suit pursuant to 42 U.S.C. § 1983 on September 19, 2013. (Doc. 1.) After Mr. Morris submitted ten addenda replete with profanity and inflammatory language (Docs. 4, 5, 6, 7, 10, 12, 13, 14, 15, 16), the United States Magistrate Judge ordered him to submit an amended complaint limited to six pages. (Doc. 17.) Mr. Morris responded by filing twenty-four additional motions in which he sought to add claims or defendants, among other requests. (See Docs. 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42.) Moreover, his amended complaint, once filed, totaled more than fifty-six rambling pages and failed to display proper decorum, thereby ignoring the Court's instructions. (See Doc. 24.) Accordingly, on January 16, 2014, the Magistrate Judge recommended that Mr. Morris's amended complaint be dismissed with prejudice, an opinion which this Court adopted as its own on March 17,

2014 notwithstanding Mr. Morris's objections. (Doc. 43 at 6; Doc. 50.)

On April 4, 2014, Mr. Morris filed a timely notice of appeal of this Court's March 17, 2014 Order adopting the Magistrate Judge's Report and Recommendation and dismissing this case with prejudice. (Doc. 52.) On April 23, 2014, the Court denied Mr. Morris's motion to appeal *in forma pauperis* because he had not alleged any violation of a constitutionally protected right. (Doc. 59.) Thereafter, Mr. Morris filed four "motions to add" in which he notified the Court of each and every case he has filed over the past several years and each and every instance when he has not received mail at ASMP. (See Docs. 60, 61, 62, 63.)

On March 10, 2015, the Eleventh Circuit Court of Appeals likewise determined that Mr. Morris's appeal was frivolous and denied him leave to proceed. (Doc. 64.) Notwithstanding the dismissal of his appeal, Mr. Morris filed three more "motions to add" which reflected his discontent with the mail system at ASMP. (See Docs. 66, 67, 68.) Accordingly, the Court dismissed all the aforementioned "motions to add" as moot because the Eleventh Circuit dismissed Mr. Morris's appeal on the merits and there was no active case before this Court to which he could "add" claims. (Doc. 69.) More importantly, the Court explicitly warned Mr. Morris that if he persisted in filing "a never-ending stream of patently frivolous motions," he would be deemed a serial abusive filer. (Id. at 3.)

Mr. Morris's time has come. The Court will no longer tolerate his frivolous filings, as they impair the Court's ability to adjudicate the legitimate claims of other litigants. With his most

recent motion, Mr. Morris yet again purports to "add" to his appeal, this action, and two other cases he has filed in this district or elsewhere. (See Doc. 70.) He parrots his discontent with the ASMP mail system and ASMP's purported theft of his Christmas money in 2013, allegations that appear in any number of the other forty-five motions he filed in this case, a figure which does not include his Complaint, lengthy Amended Complaint, and Objections to the Magistrate Judge's Report and Recommendation. Accordingly, the Court **DENIES AS MOOT** Mr. Morris's "Motion to Add." (Doc. 70.) Moreover, the Court additionally imposes the following restrictions upon Mr. Morris:

1. As to any future civil actions sought to be commenced *in forma pauperis* ("IFP") by Mr. Morris, the Clerk **SHALL** receive the papers, open a single miscellaneous file for tracking purposes, and forward the papers to the presiding judge for a determination as to whether Mr. Morris qualifies for IFP status and whether he has stated a claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster under 28 U.S.C. § 1915(e) will be **DISMISSED** without any further judicial action after **30 DAYS** from the date the Clerk receives the complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention." Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). Thus, although the Court will read and consider any future IFP application and complaint that Mr. Morris endeavors to file, it will not necessarily enter an order addressing the IFP application or

complaint. If no order is forthcoming, then **30 DAYS** after the complaint's receipt the Clerk **SHALL**, without awaiting any further direction, notify Mr. Morris that his case has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

2. The Clerk **SHALL NOT DOCKET** any further motions or papers in this case. The Clerk also **SHALL NOT DOCKET** any further motions or papers in a case automatically dismissed pursuant to the directive above except for a notice of appeal. Any papers other than a notice of appeal **SHALL** be returned to Mr. Morris unfiled. If Mr. Morris files a notice of appeal, the Clerk **SHALL** forward a copy of this Order, the notice of appeal, and the dismissed complaint to the Court of Appeals. Mr. Morris **SHALL** remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

3. To ensure that all future pleadings filed by Mr. Morris are properly consolidated for review, the Clerk **SHALL** personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Mr. Morris are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Mr. Morris may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN TWO YEARS** from the date of this Order.

5. These filing restrictions do not apply to any criminal case in which Mr. Morris is named as a defendant or to any proper application for a writ of habeas corpus.


6. A copy of this Order **SHALL** be forwarded to each judicial officer in this district.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of March, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA